# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MARK DEES & | ) | |
| CLAIRE DEES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NOS. |
| | ) | 1:10-cv-04218 |
| CHASE HOME FINANCE, LLC & | ) | 1:10-cv-04234 |
| JPMORGAN CHASE, N.A., | ) | 1:10-cv-04235 |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINTS

## I.   INTRODUCTION

All three of Plaintiffs' Complaints are fatally deficient on numerous

grounds, requiring dismissal of all three actions.[1]  As an initial matter, Plaintiffs'

---

[1] In Civil Action No. 1:10-cv-04218-TCB, Plaintiffs filed a complaint they styled a "Petition for Verification of Debt" (the "First Complaint") related to nine pieces of property in Gwinnett County, Georgia (the "First Action").  In Civil Action No. 1:10-cv-04234-TCB, Plaintiffs filed a complaint they styled a "Petition to Quiet Title" (the "Second Complaint") related to those same nine pieces of property in Gwinnett County, Georgia (the "Second Action").  In Civil Action No. 1:10-cv-04235-TCB, Plaintiffs filed a complaint they also styled a "Petition to Quiet Title" (the "Third Complaint") related to a piece of property located in Cobb County, Georgia (the "Third Action").  Plaintiffs have also named as defendants in the Second and Third Actions Washington Mutual Bank, F.A. ("WaMu") and "John Does 1-1000."  The First, Second and Third Complaints filed by Plaintiffs shall be collectively referred to herein as the "Complaints."

Complaints constitute impermissible shotgun pleadings that wholly fail to comport with the pleading requirements of the Federal Rules of Civil Procedure.  Second, a number of Plaintiffs' "claims" in those Complaints (to the extent Plaintiffs' allegations could be characterized as such) are moot.  Third, and most importantly, Plaintiffs' Complaints **fail to state a single claim upon which relief could be granted**.  Indeed, the facts alleged by Plaintiffs establish that they cannot, as a matter of law, prevail under any legal theory.  Accordingly, Defendants respectfully request that this Court dismiss the First, Second and Third Actions with prejudice pursuant to Rules 12(b) (1), (6), and 65 of the Federal Rules of Civil Procedure and deny Plaintiffs the injunctive relief they purport to seek.

## II.   FACTUAL & PROCEDURAL BACKGROUND

Although rambling and difficult to comprehend, Plaintiffs' Complaints, along with the exhibits attached thereto, appear to allege that Plaintiffs took out a number of loans from WaMu and secured each of those loans with certain real property.[2]  (*See* First Compl. and Exs. L and LD thereto; Second Compl. at 2 and Ex. LD thereto; Third Compl. at 2.)  The Georgia real property records referenced in and/or attached to Plaintiffs' Complaints confirm that Plaintiffs indeed entered

---

[2]  True and correct copies of Plaintiffs' Complaints are attached as Exhibit A to Defendants' Notices of Removal in the First, Second and Third Actions, respectively.

into at least ten mortgage loan transactions ("the Subject Loans") with WaMu on December 5, 2003.[3]  (*See* Ex. A at 1.)  Specifically, such records confirm that in exchange for $1,176,600 in credit, Plaintiffs executed, in favor of WaMu, ten promissory notes (the "Notes") and ten security deeds (the "Security Deeds"), securing the Notes with nine pieces of real property in Gwinnett County, located specifically at 91 Hebron Church Road, Dacula, GA, 505 Radio Court, Lawrenceville, GA, 3226 Sunderland Drive, Snellville, GA, 1785 Cherry Log Way, Lawrenceville, GA, 5126 Rockborough Trail, Norcross, GA, 2613 Milo Court, Lawrenceville, GA, 4256 Nora Lane, Duluth, GA, 610 Clearwater Place, Lawrenceville, GA, 2741 Treehouse Lane, Lawrenceville, GA (the "Gwinnett Properties") and one piece of real property in Cobb County, located specifically at 517 Pineland Circle, Southwest, Mableton, GA (the "Cobb Property") (collectively, the "Properties").  (*See* the Security Deeds attached to the Notices of Removal in the First, Second, and Third Actions. A; First Compl. at 1 and Exs. L

---

[3]  True and correct certified copies of each Security Deed referred to in Plaintiffs' Complaints are attached to the respective Notices of Removal.  The Court may take judicial notice of the Deeds because they are public records and are referred to in – and central to – Plaintiffs' Complaints.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Hennington v. Greenpoint Mortg. Funding, Inc.*, Nos. 1:09cv676, 1:09cv962, 2009 WL 1372961, *4 (N.D. Ga. May 15, 2009); *Clark v. Bibb County Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001).

and LD thereto thereto; Second Compl. at 2 & Ex. LD thereto; Third Compl. at 2 & Security Deed attached thereto.)

Upon WaMu's failure in September, 2008, JPMorgan Chase Bank, N.A. ("Chase Bank") acquired certain assets from the Federal Deposit Insurance Corporation as Receiver for WaMu ("FDIC") pursuant to a Purchase & Assumption Agreement ("P&A Agreement").[4]  In doing so, Chase Bank succeeded by operation of law to WaMu's rights and interests in the Notes and Security Deeds at issue.[5]  (P&A Agreement ¶ 3.1; FDIC Aff. ¶¶ 3-5; *see also* Second Compl. at 1; Third Compl. at 1.)

When Plaintiffs failed to make payments on their Loan obligations, Chase Bank initiated foreclosure proceedings on the Properties.  In response, on November 22, 2010 and November 23, 2010, respectively, Plaintiffs filed the First,

---

[4]  A true copy of the P&A Agreement, which is publicly-available on the FDIC's website and has been filed in numerous other federal district court cases, is attached hereto as Exhibit A.  The Court may take judicial notice of the P&A Agreement because it is from a governmental source whose accuracy cannot be questioned. *See* Fed. R. Evid. 201; *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004); *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n. 3 (9th Cir. 2002); *Paralyzed Veterans of Am. v. McPherson*, No. C06-4670SBA, 2008 WL 4183981 at *5 (N.D. Cal. Sept. 9, 2008); *see also supra* n. 2.

[5]  A true and correct copy of the FDIC Affidavit "FDIC Aff.," recorded with the Washington State Recorder, is attached hereto as Exhibit B.  The Court may take judicial notice of this public record.  *See supra* n. 2.

Second and Third Actions in state court, which Defendants subsequently removed to this Court.

The First Complaint, although largely incomprehensible, appears to allege that Defendants have no "standing" or "authority" to foreclosure on the Gwinnett Properties because Defendants have not produced the "original and genuine wet ink signature promissory note[s]." (First Compl. at 1.) The Second Complaint, also difficult to understand, and also based on the same "lack-of-standing" theory, purports to request a declaration that Defendants have no interests in or rights with respect to the Gwinnett Properties and an injunction restraining Defendants from taking any action towards the Gwinnett Properties. (Second Compl. at 2-3.) The Third Complaint, also based on the same "lack-of-standing" theory, is nearly identical to the Second Complaint, except that it requests relief with respect to the Cobb Property. (Third Compl. at 2-4.)

Defendants move to dismiss the First, Second and Third Actions in their entireties pursuant to Rules 12(b) (1), (6), and 65 of the Federal Rules of Civil Procedure.

### III.   ARGUMENT & CITATION TO AUTHORITY

### A.   Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) addresses the situation where the plaintiff fails to plead the elements necessary to establish the cause of action alleged.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (dismissing plaintiff's claims). Additionally, the Supreme Court has recently reaffirmed that the allegations in a complaint must be plausible.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).  Accordingly, a claim may proceed only where a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  The Eleventh Circuit affirmatively adopted the pleading standards announced in *Iqbal* and has held that a "complaint must state a plausible claim for relief."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  Where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to [further] amend [her] complaint would be futile," a complaint should be dismissed

with prejudice.  *Marr v. Envtl. Thermal Sys., Inc.*, 91 F. App'x. 120, 122 (10th Cir. 2004).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court may consider materials referred to in the complaint and that are central to the party's claims.  *See Brooks*, 116 F.3d at 1369 (11th Cir. 1997); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (per curiam).  The Court may also consider certain extraneous documents, including "but … not limited to, public records and public filings in other district courts."  *Hennington*, 2009 WL 1372961 at *4.  Indeed, the Court is not required to accept as true allegations that are contradicted by "specific factual details," such as attached exhibits or public records.  *See Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

**B.    Plaintiffs' Complaints Fail to Comport with the Pleading Requirements of the Federal Rules of Civil Procedure, Requiring Dismissal of the Complaints in their Entireties**

**1.    *Plaintiffs' Complaints Constitute Impermissible Shotgun Pleadings***

Plaintiffs' Complaints are shotgun pleading of the type that have been criticized, rejected, and dismissed time and time again by Federal Courts all over the country, and in this Circuit, particularly.  *See, e.g., Maldonado v. Snead*, 168 F. Appx 373, 380 (11th Cir. 2006) ("Although a complaint should consist of a short

and plain statement of the claim showing that the pleader is entitled to relief,

plaintiffs must avoid shotgun pleadings, which we have condemned repeatedly.")

(internal citations omitted); *see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d

955, 979 n.54 (11th Cir. 2008); *Strategic Income Fund v. Spear, Leeds & Kellogg*,

305 F.3d 1293, 1295 n.9 (11th Cir. 2002).  The Court of Appeals for the Eleventh

Circuit and district courts in the Northern District of Georgia have rejected as

impermissible shotgun pleadings complaints that are lengthy, rambling, difficult to

understand, and that do not contain separate causes of action contained in distinct

counts.  *See Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Prayor v.

Fulton County*, No. 1:08-CV-3772-WSD, 2009 WL 981996, *5 (N.D. Ga. Apr. 13,

2009) (rejecting as a shotgun pleading a complaint that was "obtuse and

ambiguous, and . . . drafted . . . with the intent to assert as many claims as is

possible under any legal theory").  Courts in this Circuit have also rejected

complaints that refer to any number of persons/entities without distinction, making

it impossible to determine at which party a particular allegation is directed.  *See

Magulta*, 256 F.3d at 1284; *Giscombe v. ABN AMRO Mortgage Group, Inc.*, 680

F. Supp. 2d 1378, 1380-82 (N.D. Ga. 2010).  Indeed, the Court of Appeals for the

Eleventh Circuit has criticized district courts on the occasions they have accepted

such pleadings, noting that the "result is a massive waste of judicial and private

resources; moreover, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (internal quotations omitted).

Here, just like the complaints in the cases repeatedly criticized by the courts, Plaintiffs' Complaints do not contain separate counts or causes of action.  (*See* First Compl. at 1; Second Compl. at 1-3; Third Compl. at 1-4.)  Plaintiffs merely hurl around conclusory and random allegations, without any attempt whatsoever to plead facts sufficient to make out the elements of a single legally-cognizable claim. (*See* First Compl. at 1; Second Compl. at 1-3; Third Compl. at 1-4.)  Moreover, Plaintiffs refer to "Defendant," (*see* First Compl. at 1) "Respondents," (*see* Second Compl. at 2-3) and "Chase" (*id.* at 3) without meaningful distinction, making it impossible to determine toward which entity Plaintiffs are directing a given allegation.  (*See* First Compl. at 1.)[6]  Under the foregoing authority, therefore, Plaintiffs' Complaints are prohibited shotgun pleadings and should be dismissed as such.

---

[6]  That Plaintiffs literally lifted either their entire Complaints or portions thereof from some online or other source is laid bare by Plaintiffs' own allegations.  For example, Plaintiffs state that they are the owners of "real property described in paragraph 5" even though there is no paragraph 5 – or <u>any</u> paragraphs for that matter – contained in any of Plaintiffs' Complaints.  (*See* Second Compl. at 2; Third Compl. at 2.)

**2.**     ***Plaintiffs' Complaints Fail to Satisfy the Requisite Pleading Standards of the Federal Rules of Civil Procedure***

Even if Plaintiffs' Complaints are not dismissed at the outset as shotgun pleadings, they should be dismissed because they completely fail to provide the requisite factual support for Plaintiffs' legal conclusions.  The United States Supreme Court recently highlighted the following fundamental pleading requirements:

- A pleading offering only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8;

- While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation…"; and

- A complaint will not survive a motion to dismiss if it contains merely "naked assertions devoid of further factual enhancement."

*Iqbal*, 129 S. Ct. at 1949.  The Court further noted that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Here, Plaintiffs have made no effort to plead sufficient facts in support of their claims.  Instead, Plaintiffs rely on wholly circular assertions and conclusions of law. (*See* First Compl. at 1; Second Compl. at 1-3; Third

Compl. at 1-4.)  Just by way of example, Plaintiffs state that "[i]f defendant is unable to produce proof of claim, Plaintiff petitions the court to order the Defendant to release all claims against Plaintiff," yet they not only fail to state articulate what "proof of claim" is, but they also fail to explain what "claims" Defendants have against Plaintiffs or how the Defendants failure to produce "proof of claim" would require the release of any such claims.  (*See* First Compl. at 1.)  Plaintiffs also request significant relief based on their theory that Defendants lack standing because they have not produced proof that they possess the original promissory note, yet Plaintiffs completely fail to state how a failure to produce the original promissory note results in a lack of standing.  (*See* Second Compl. at 3; Third Compl. at 3.)  In sum, Plaintiffs' Complaints constitute nothing more than "naked assertion[s] devoid of further factual enhancement," and as such, they must be dismissed for failure to meet the pleading requirements of Rule 8(a).  *Iqba1*, 129 S. Ct. at 1949.

**C.**   **Plaintiffs' Complaints Fail to – And Cannot – State Any Legally-Cognizable Claims, Requiring Dismissal of the Complaints in their Entireties with Prejudice**

    **1.**   *All of Plaintiffs' Claims Based on their "Lack-of-Standing" Theory Fail as a Matter of Law*

Plaintiffs base their Complaints primarily on their theory that Defendants have no "rights" under the Notes and Security Deeds (and specifically, no authority to foreclose on the Properties under the Security Deeds) because they never "proved" their standing.  (*See* First Compl. at 1; Second Compl. at 2-3; Third Compl. at 2-4.)  This position is untenable as a matter of law, as explained below.

        a.   <u>Chase Bank, as Holder of the Security Deeds, has the Right to Foreclose on the Properties</u>

First, Plaintiffs' allegations are belied by the real property records and by the Security Deeds that Plaintiffs themselves signed.  As Plaintiffs admit, the Notes and Security Deeds initially were between Plaintiffs and WaMu.  (*See* Ex. L to First Compl. ("These loans were done as part of a warehouse line of credit done by Washington Mutual now Chase"); Ex. A to Third Compl. (indicating that the Cobb Property also secured this alleged "warehouse line of credit").)  The FDIC, however, was appointed receiver for WaMu on September 25, 2008.  (Ex. A.)  As receiver, the FDIC may transfer any asset of WaMu <u>without any assignment</u>.  12 U.S.C. § 1821(d)(2)(G)(i)(II).  On September 25, 2008, Chase Bank and the FDIC

executed the P&A Agreement, pursuant to which Chase acquired WaMu's rights and interest in certain loans and loan commitments.  (Ex. A, P&A Agreement ¶ 3.1; Ex. B, FDIC Aff. ¶¶ 3-5.)[7]  In this fashion, Chase Bank succeeded to WaMu's rights and interests in the subject Notes and the Security Deeds by operation of law.

The Security Deeds specifically give Chase Bank, as WaMu's successor-in-interest, the right to foreclose on the Properties.  Specifically, each Security Deed states:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note; and (iii) the performance of all agreements of Borrower to pay fees and charges arising out of the loan whether or not herein set forth.  For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale [the Property].

(*See* Security Deeds at 2-3.)  These Security Deeds also state that the Notes "or a partial interest in the Note[s] (together with th[e] Security Instrument[s]) can be sold one or more times without prior notice to Borrower."  (*Id.* at 13, § 20.)  Thus, the face of the very documents that Plaintiffs signed and initialed on each page give Chase Bank, as the successor-in-interest of WaMu, all the rights, powers, and

---

[7]  A transfer of a security deed is valid between parties without recording and failure to record such transfer does not impair the validity of a foreclosure under power of sale.  O.C.G.A. § 44-14-64; *Burgess v. Simmons*, 61 S.E.2d 410, 415-16 (Ga. 1950).

privileges in the Security Deed that WaMu had, including the explicit right to foreclose on the Properties in the event of a borrower's default. *See My Fair Lady of Ga., Inc. v. Harris*, 364 S.E.2d 580 (Ga. App. 1987) ("Parties to a contract are presumed to have read their provisions and to have understood the contents."). Accordingly, Chase Bank has the right to foreclose on the Properties.

b.  <u>Georgia Law Does Not Require Production of the Original Loan Documents</u>

Second, any attempt by Plaintiffs to support their allegations with Chase's alleged failure to produce the original loan documents (*see* First Compl. at 1; Second Compl. at 2; Third Compl. at 2) fails as a matter of Georgia law. Georgia is a non-judicial foreclosure state and does not require the original note to be produced prior to or as a predicate to foreclosure. *See, e.g.,* O.C.G.A. §§ 9-13-140, *et seq.*, §§ 9-13-160, *et seq.*, §§ 44-14-160, *et seq.*, § 23-2-114. Indeed, Georgia courts have repeatedly and uniformly rejected other similar complaints of an alleged failure to produce the original note. *See, e.g., Hill v. Saxon Mortgage Servs., Inc.*, 1:09-CV-1078, 2009 WL 2386057, *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note); *Wright v. Home Loan Servs., Inc.*, No. 2009CV164104 (Ga. Super. Ct. June 11, 2009) (attached hereto as Exhibit C); *see also* O.C.G.A. § 24-5-27 (stating that "a certified copy of a deed or any other instrument affecting real property which has

14

been properly recorded" is admissible as evidence "without the necessity to account for the original instrument").

Accordingly, for the foregoing reasons, Plaintiffs' theory that the Chase Defendants have no right to foreclose on the Properties as a result of Plaintiffs' default under the Notes fail pursuant to Rule 12(b)(6) as a matter of law. Further, because it is "'patently obvious" that Plaintiffs cannot state any cognizable claims based on this theory, and because all three of Plaintiffs' Complaints are wholly based on such a theory, Plaintiffs' Complaints should be dismissed in their entirety with prejudice. *Marr v. Envtl. Thermal Sys., Inc.*, 91 F. App'x. 120, 122 (10th Cir. 2004).[8]

## 2.   *Plaintiffs' Request for Declaratory Relief Fails as a Matter of Law*

Under federal law, a plaintiff may only obtain a declaratory judgment where he pleads and proves the existence of a justiciable case or controversy. *See* 28 U.S.C. § 2201; *Smith v. McCullough*, 270 U.S. 456, 458 (1926). In the Eleventh Circuit, in order to avoid dismissal for failure to make this showing, a

---

[8]  Plaintiffs also suggest in the Third Complaint, apparently as an additional basis for their "lack-of-standing" argument, that "securitization nullifies the note" and that the "note has also been illegally decoupled from the note rendering it void." (Third Compl. at 3.) Such unsupported, conclusory allegations are wholly insufficient to state a claim upon which relief may be granted, and should thus be disregarded by this Court.

plaintiff must show "at an 'irreducible minimum,' that at the time the complaint was filed, he . . . suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (dismissing complaint).

Here, Plaintiffs' Complaints wholly fail to make this showing. Indeed, Plaintiffs' Complaints merely request a declaration that Plaintiffs are the "true owners" of the Properties and that Defendants have "no right, title or interest whatsoever" in the Properties. (Second Compl. at 3; Third Compl. at 4.) Plaintiffs make no attempt, however, to even plead how such a declaration is mandated by some actual or threatened injury resulting from Defendants' conduct, nor do Plaintiffs attempt to plead either of the other two elements necessary for a claim for declaratory relief. Insofar as Plaintiffs do not even attempt to comport with 28 U.S.C. § 2201, Plaintiffs' Complaints clearly fail to state a claim for declaratory relief. *See Twombly*, 550 U.S. at 555. Accordingly, to the extent Plaintiffs purport to state such a claim, it should be dismissed pursuant to Rule 12(b)(6).

Any purported claim for declaratory relief should also be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Indeed, "regardless of the scope of the court's discretion to entertain a claim for declaratory relief under § 2201, if there is no 'case or controversy', [a] court has no jurisdiction over the subject matter of a claim." *Tilley Lamp Co. v. Thacker*, 454 F.2d 805, 808 (5th Cir. 1972); *see also Smith*, 270 U.S. at 458 ("[A] plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . ."). Here, because Plaintiffs have failed to plead any facts whatsoever that would tend to show the existence of an actual case or controversy, Plaintiffs have also failed to carry their "burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Serpentfoot v. Rome City Comm'n*, 322 Fed. App'x 801, 804 (11th Cir. 2009).  Thus, this Court may also dismiss any purported claims for declaratory relief contained in the Complaints pursuant to Rule 12(b)(1).[9]

---

[9]  To the extent Plaintiffs intend to state a claim to quiet title to the Properties, such a claim must be dismissed for the same reasons as their claim for declaratory relief. Additionally, any such claim must be dismissed because it completely lacks plausibility.  Indeed, by way of such a claim, Plaintiffs apparently ask this Court to make the completely unreasonable inference that, because Defendants have allegedly failed to prove their interest in the Note and Security Deed, Plaintiffs therefore own the Properties free and clear.  (First Compl. at 1; Second Compl. at 2-3; Third Compl. at 2-4.)  According to Plaintiffs' logic, simply because they are

**3.**    ***Plaintiffs' Request for Injunctive Relief Fails as a Matter of Law***

In order to obtain a <u>preliminary</u> injunction, a Plaintiff must establish four

elements:

> (1) that there is a substantial likelihood plaintiff will prevail on
> the merits; (2) that there is a substantial threat plaintiff will
> suffer irreparable injury if the injunction is not granted; (3) that
> the threatened injury to the plaintiff outweighs the threatened
> harm the injunction may do to the defendant; **and** (4) that
> granting the preliminary injunction will not disserve the public
> interest.

*Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001)

(citations omitted; emphasis in original); *Bass v. City of Forsyth, Ga*, No. 5:06-

CV-278HL, 2007 WL 4564154, *1 (M.D. Ga. Dec. 21, 2007) (denying Plaintiff's

request for failure to plead and prove all elements).  The moving party has the

burden on each of these elements and the failure "to sustain this burden with regard

to **any** one of the prerequisites is fatal" to a plaintiff's request for a preliminary

---

not convinced that Defendants have an interest in the property means that
Defendants may not foreclose and they are entitled to quiet title.  Such defies
common sense, especially in light of Plaintiffs' continued and repeated default on
their obligations under the applicable Notes and Security Deeds.  (*See id.*)
Accordingly, Plaintiffs have failed to demonstrate even a "mere possibility that
[Defendants have] acted wrongfully," and their allegations are simply insufficient
to "nudge [their] claim[s] across the line from conceivable to plausible."  *Iqbal*,
129 S.Ct. at 1950,1952 (internal quotation marks omitted).

injunction.  *Cash Inn of Dade, Inc. v. Metro. Dade County*, 706 F. Supp. 844, 846

(S.D. Fla. 1989) (emphasis in original).

In the instant case, as explained herein, Plaintiffs' Complaints do not allege

any actionable claims, and thus Plaintiffs cannot, as a matter of law, establish a

likelihood of success on the merits.  Indeed, Plaintiffs simply fail to allege

anything to succeed on.  Moreover, Plaintiffs' pleading of irreparable harm is

fatally deficient – they simply make the conclusory allegation that "unless

defendants are enjoined from asserting their adverse claims to the [Properties],

defendants will continue to assert their adverse claims resulting in irreparable

harm, damage, and injury to plaintiff."  (Second Compl. at 3; Third Compl. at 4.)

As demonstrated above, such "naked assertions devoid of further factual

enhancement" cannot survive a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949.

Moreover, Plaintiffs do not even mention the third or fourth elements that they

must plead and prove to obtain the temporary relief they request.  (*See* Second

Compl.; Third Compl.)  Accordingly, Plaintiffs wholly fail to establish any of the

prerequisites to the grant of injunctive relief and any such request must be

dismissed pursuant to Rules 12(b)(6) and Rule 65.[10]

---

[10]  To the extent that Plaintiffs request a permanent injunction, it is prudent to note that permanent injunctions are only proper when a party shows "actual success" on the merits of the underlying action, as opposed to probable success.  *Amoco Prod.*

**D.** **Plaintiffs Cannot Maintain Any Claims With Respect to Three of the Properties Because Such Claims Are Moot**

When the act at issue in a lawsuit has been completed, the case is moot. *See BankWest, Inc. v. Baker*, 446 F.3d 1358, 1363 (11th Cir. 2006) ("A case can become moot either 'due to a change in [factual] circumstances, or…[due to] a change in the law.'"); *Portman Overseas Mgmt. Corp. v. Seacliff Ltd.*, 148 F. Supp. 2d 1368, 1370 (N.D. Ga. 2001) ("[A] case becomes moot when the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome."). Federal court jurisdiction requires that a case "be viable at all stages of the litigation; it is not sufficient that the controversy was live only at its inception." *Id.* at 1370. A federal court has no authority to give opinions on moot questions. *Id.*; *BankWest*, 446 F.3d at 1363 ("[R]ule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement.").

Here, it appears that Plaintiffs' Complaints seek, at least in part, to stop Defendants' foreclosure of the Properties. (*See* First, Second, and Third Compl.) However, Chase Bank already foreclosed on the 505 Radio Court, 2613 Milo

---

*Co. v. Gambell,* 480 U.S. 531, 546 n.12 (1987) (emphasis added). Clearly, Plaintiffs have yet to succeed on the merits of any of their claims against Defendants, and as such, any request for a permanent injunction is premature at best.

Court, and 517 Pineland Circle Properties prior to Plaintiffs' filing of the

Complaints. [11] (*See* Ex. D.)  Thus, any attempt by Plaintiffs to stop the foreclosure

with respect to those Properties is moot.

Moreover, a "valid foreclosure of a security deed not only vests legal title in

the purchaser, it also **divests all of the grantor's rights in the property** as well as

the rights of those claiming through the grantor."  *Eagle Glen Unit Owners Assoc.,*

*Inc. v. Lee*, 514 S.E.2d 40, 43 (Ga. App. 1999) (emphasis added).  Accordingly,

Plaintiffs no longer have any rights in the 505 Radio Court, 2613 Milo Court, and

517 Pineland Circle Properties, nor can Plaintiffs stop the foreclosures that have

already occurred.  Plaintiffs' Complaints, therefore, should be dismissed with

prejudice to the extend they assert any claims relating to the 505 Radio Court, 2613

Milo Court, and 517 Pineland Circle Properties for the additional reason that they

are moot and this Court therefore lacks subject matter jurisdiction over any such

claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV.   <u>CONCLUSION</u>

This is a simple case.  Plaintiffs obtained loans totaling well over a million

dollars from WaMu, Chase Bank's predecessor in interest, and secured those loans

---

[11]  The Court may take judicial notice of the Foreclosure Deeds for these three
properties, which are attached hereto as Composite Exhibit D.  *See supra* n. 3.

with multiple pieces of real property.  Plaintiffs then failed to comply with the

terms of the applicable Notes and Security Deeds.  Now Plaintiffs file multiple

actions in an apparent attempt to delay inevitable eviction proceedings, throwing

around a plethora of confusing and baseless allegations which only serve to waste

this Court's financial and temporal resources.  Plaintiffs' Complaints, however,

wholly fail to comport with the pleading requirements of the Federal Rules of Civil

Procedure, and, even if they did, Plaintiffs' underlying allegations are entirely

unsupported by the facts or the law, as demonstrated above.  Accordingly,

Plaintiffs' Complaints (and the concomitant First, Second and Third Actions)

should be dismissed with prejudice in their entireties pursuant to Rules 12(b) (1),

(6), and 65 of the Federal Rules of Civil Procedure.

Respectfully submitted this 4th day of January, 2011.

WARGO & FRENCH LLP

_____/s/ Julie C. Jared_____

SHANON J. MCGINNIS
smcginnis@wargofrench.com
Georgia Bar No. 387598
JULIE C. JARED
jjared@wargofrench.com
Georgia Bar No. 801699
RYAN D. WATSTEIN
rwatstein@wargofrench.com
Georgia Bar No. 266019
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, Georgia 30309
(404) 853-1500
(404) 853-1501 (facsimile)

*Counsel for Defendants JPMorgan Chase
Bank, N.A. & Chase Home Finance, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MARK DEES & | ) | |
| CLAIRE DEES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NOS. |
| | ) | 1:10-cv-04218 |
| CHASE HOME FINANCE, LLC & | ) | 1:10-cv-04234 |
| JPMORGAN CHASE, N.A., | ) | 1:10-cv-04235 |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within

and foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** upon

Plaintiffs by U.S. Mail, postage pre-paid, addressed as follows:

Mark & Claire Dees, *Pro Se*
400 Peachtree Industrial Blvd., Suite 5 #518
Suwanee, GA 30024

This 4th day of January, 2011.


/s/ Julie C. Jared
Julie C. Jared

648710_1